Robert P. Goe - State Bar No. 137019
Marc C. Forsythe - State Bar No. 153854
Donald W. Reid – State Bar No. 281743
Charity J. Miller – State Bar No. 286481
**GOE & FORSYTHE, LLP**
18101 Von Karman Avenue, Suite 1200
Irvine, CA 92612
rgoe@goeforlaw.com
mforsythe@goeforlaw.com
dreid@goeforlaw.com
cmiller@goeforlaw.com

Telephone:  (949) 798-2460
Facsimile:   (949) 955-9437

Attorneys for Goe & Forsythe, LLP

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:12-bk-10105-CB |
| WALLDESIGN INCORPORATED, a subchapter S Corporation | Chapter 11 |
| Debtor and Debtor-in-Possession | Adv. Case No. 8:16-ap-.........-CB |
| GOE & FORSYTHE, LLP, a California limited liability partnership, | **COMPLAINT FOR (1) AVOIDANCE OF INTENTIONALLY FRAUDULENT TRANSFERS PURSUANT TO CAL. CIV. Code §§ 3439.04(a) and 3439.07 AND (2) DECLARATORY RELIEF RE PRIORITY OF INTERESTS IN 8424 SAINT HELENA HIGHWAY, NAPA, CALIFORNIA** |
| Plaintiff, | |
| vs. | |
| MICHAEL RU BELLO, an individual and as trustee of the BELLO FAMILY TRUST, January 14, 1997; NANCY ANN BELLO, an individual and as trustee of the BELLO FAMILY TRUST, January 14, 1997; STEPHEN M. BELLO, an individual; CHRISTOPHER J. BELLO aka CHRISTOPHER JON BELLO, an individual; JOSEPHINE BELLO, an individual; BELLO FAMILY VINEYARD, LLC, a California limited liability company; RU INVESTMENTS, LLC, a California limited liability company; MICHAEL BELLO, LLC, a California limited liability company; IMPERIAL BUILDING GROUP, INC., a Delaware corporation; MB INVESTMENT GROUP, LLC, a Nevada limited liability company; BELLO | |

1  CONSTRUCTION COMPANY, LLC, a
California limited liability company; PREMIER
2  TRUST, INC., a Nevada corporation, as trustee
of the IRREVOCABLE NANCY BELLO 2012
3  TRUST, dated December 19, 2012 and as trustee
of the IRREVOCABLE MICHAEL BELLO
4  2012 Trust, dated December 19, 2012; BRIAN
WEISS, Trustee of the WALLDESIGN
5  LIQUIDATION TRUST; RICHARD A.
MARSHACK, Chapter 7 Trustee of the
6  ESTATE OF NANCY ANN BELLO; and DOES
1-50, inclusive,
7
8              Defendants.

9        Plaintiff Goe & Forsythe, LLP, a California limited liability law partnership ("G&F"
10  and/or "Plaintiff") in this adversary proceeding, respectfully represents and alleges:
11                          **JURISDICTION AND VENUE**
12        1.    In accordance with the requirements of Local Bankruptcy Rule 7008-1, the Santa
13  Ana Division of the United States Bankruptcy Court for the Central District of California (the
14  "Bankruptcy Court") has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334,
15  because under title 11 of the United States Code the claims arise in or relate to the Chapter 11
16  case of the debtor and debtor-in-possession, Walldesign, currently pending in the Bankruptcy
17  Court as case No.: 8:12-bk-10105-CB (the "Walldesign Bankruptcy Case").  The outcome of
18  this adversary proceeding will have a significant effect on the Estate because it will impact the
19  disposition property of the Estate and the amount of money available for distribution to
20  creditors.  Certain of the claims for relief alleged in the Complaint constitute core proceedings
21  under 28 U.S.C. § 157(b).  Regardless of whether this is a core proceeding, consent is hereby
22  given to the entry of final orders and judgment by the Bankruptcy Court.  Each defendant is
23  hereby notified the Fed. R. Bankr. P. 7008(a) requires each defendant to plead whether the
24  claims for relief alleged against such defendant are core or non-core and, if non-core, whether
25  consent is given to the entry of final orders and judgment by the Bankruptcy Court.
26        2.    Venue is proper in the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409
27  because the Walldesign Bankruptcy Case is pending in this district and division.  Pursuant to 28
28

GOE & FORSYTHE LLP
18101 Von Karman Avenue
Suite 1200
Irvine, CA 92612

- 2 -

U.S.C. § 1391, venue is also appropriate in this district and division because each of the defendants either resides in or is authorized to and regularly does carry out business in this district and many of their wrongful acts, omissions and/or conduct as complaint of in this Complaint took place within this district.  Accordingly, this Court also has personal jurisdiction over each of the defendants.

## **PARTIES**

3.      Plaintiff G&F is a California limited liability law partnership, with a principal place of doing business in Orange County, California.  G&F is and at all relevant times was wholly owned and controlled by Robert P. Goe and Marc C. Forsythe.

4.      Defendant Michael Ru Bello ("Michael Bello") is an individual who resides in Orange County or Napa County, California.  At all relevant times, Michael Bello was responsible for overseeing the day-to-day business operations and financial performance of Walldesign, and involved in supervising all aspects of Walldesign's financial affairs.  Michael Bello is and at all relevant times was the sole owner of Walldesign.  Furthermore, Michael Bello is and at all relevant times was a trustee for the Bello Family Trust, settled on January 14, 1997.

5.      Defendant Nancy Ann Bello ("Nancy Bello") is an individual who resides in Orange County or Napa County, California.  Nancy Bello is and at all relevant times was (i) the wife of Michael Bello; and (ii) a trustee for the Bello Family Trust, settled on January 14, 1997.

6.      Defendant Stephen M. Bello ("Stephen Bello") is an individual who resides in Orange County, California.  Stephen Bello is the son of Michael Bello and Nancy Bello.

7.      Defendant Christopher J. Bello aka Christopher Jon Bello ("Christopher Bello) is an individual who resides in Orange County or Napa County, California.  Christopher Bello is the son of Michael Bello and Nancy Bello.

8.      Defendant Josephine Bello is an individual who resides in Orange County or Riverside County, California.  Josephine Bello is the mother of Michael Bello ("Josephine Bello").

GOE & FORSYTHE LLP
18101 Von Karman Avenue
Suite 1200
Irvine, CA 92612

9.      Defendant Bello Family Vineyard, LLC ("Bello Vineyard") is a California limited liability company with a principal place of business in Orange County or Napa County, California.  Bello Vineyard is and at all relevant times was wholly owned and controlled by Michael Bello and/or Nancy Bello.

10.      Defendant RU Investments, LLC ("RUI") is a California limited liability company with a principal place of business in Orange County, California.  RUI is and at all relevant times was wholly owned and controlled by Michael Bello.

11.      Defendant Michael Bello, LLC is a California limited liability company with a principal place of business in Orange County, California ("Michael Bello, LLC").  Michael Bello, LLC is and at all relevant times was wholly owned and controlled by Michael Bello and/or Nancy Bello.

12.      Defendant Imperial Building Group, Inc. ("Imperial") is a forfeited Delaware corporation with a principal place of business in Orange County, California.  Imperial at all relevant times was owned by Michael Bello and by Stephen Bello and/or Christopher Bello.

13.      Defendant MB Investment Group, LLC ("MB Investments") is a Nevada limited liability company with a principal place of business in Orange County, California.  MB Investments is and at all relevant times was wholly owned and controlled by Michael Bello and/or Nancy Bello.

14.      Defendant Bello Construction Company, LLC ("Bello Construction") is a California limited liability company with a principal place of business in Orange County, California.  Bello Construction is and at all relevant times was wholly owned and controlled by Michael Bello.

15.      Defendant Premier Trust, Inc. as Trustee of the Irrevocable Nancy Bello 2012 Trust, dated December 19, 2012, and as trustee of the Irrevocable Michael Bello 2012 Trust, dated December 19, 2012 ("Premier"), is a Nevada corporation with a principal place of business in Las Vegas, Nevada.

GOE & FORSYTHE LLP
18101 Von Karman Avenue
Suite 1200
Irvine, CA 92612

16.     Defendant Brian Weiss ("Trustee Weiss") is Trustee of the Walldesign

Liquidation Trust (the "Liquidation Trust") and successor-in-interest to the Official Committee

of the Unsecured Creditors (the "Committee") of the chapter 11 bankruptcy estate of

Walldesign, Inc. ("Walldesign").

17.     Defendant Richard A. Marshack is the Chapter 7 Trustee of the Estate of Nancy

Ann Bello ("Trustee Marshack"), currently pending in the United States Bankruptcy Court for

the Central District of California as case No.: 8:16-bk-14186-CB (the "Nancy Bello Bankruptcy

Case").  On July 12, 2016, Nancy Bello also filed a petition in the Northern District of

California, Case No. 1:16-bk-10603, which was transferred to the Central District and

consolidated with the Nancy Bello Bankruptcy Case on October 11, 2016.

18.     Defendants Does 1 through 50, inclusive, are individually and/or jointly liable to

the Estate for the conduct alleged below.  The true names and capacities, whether individual,

corporate, associate or otherwise, of those Doe defendants are currently unknown to the Plaintiff.

Accordingly, the Plaintiff sues defendants Does 1 through 50, inclusive, by said fictitious

business names and will amend this Complaint to allege their true names and capacities when

ascertained with certainty.  Each of the Doe defendants is an immediate or mediate transferee of

the fraudulent, preferential, or other avoidable transfers alleged in this Complaint or of the

proceeds of such fraudulent, preferential, or other avoidable transfers, and did not take such

property for value, in good faith, and without knowledge of the avoidability of such transfers, or

is otherwise liable along with the named defendants for the wrongful acts and omissions and

damages alleged in this Complaint.

## GENERAL ALLEGATIONS

19.     The Bello Family Trust held much of the residential real property and liquid

assets owned by Michael Bello until the mass-transfer of real property to MB Investments in

April of 2012.

20.     On December 12, 2011, AB Calif Acquisition Corp., d/b/a/ Acoustical Material

Services ("AB Calif") filed suit in the Superior Court for the State of California, County of

Orange against Walldesign and Michael Bello individually for the payment of certain invoices (for the sale of acoustical materials to Walldesign) which were guaranteed by Michael Bello. On March 27, 2012, AB Calif moved *ex parte* for a temporary protective order and a right to attach order against Michael Bello due to the fact that he was liquidating real property that he indirectly owned (through the Bello Family Trust), which threatened to render Michael Bello judgment proof. That same day, Michael and Nancy Bello caused MB Investments to be formed. On April 19, 2012, the court issued a tentative ruling granting a right to attach order with respect to Michael Bello's interests in real property. On April 20, 2012, the court issued the right to attach order. That same day, Michael and Nancy Bello, as co-trustees of the Bello Family Trust, quitclaimed the following properties to MB Investments: 1750 Oceanfront #5, Del Mar, CA; 38 Pelican Crest, Newport Beach, CA; 22 Canyon Terrace, Irvine, CA; 412 Goldenrod Avenue, Corona del Mar, CA; 608 ½ Begonia Avenue, Corona del Mar, CA; 1132 Lake Vista, Palm Desert, CA; and 787 Platinum Drive, Palm Desert, CA. One week later, on April 27, 2012, Michael and Nancy Bello, as co-trustees of the Bello Family Trust, quitclaimed the following additional properties to MB Investments: 8424 Saint Helena Highway, Napa, CA; and 929 Main Street, Saint Helena, CA. On May 14, 2012, AB Calif brought a second action, in part, for the avoidance of these transfers in the Superior Court of California, County of Orange. All of the transfers described above are collectively, at times, referred to as the "Alleged Fraudulently Transferred Properties". All of the properties referred to hereinabove are collectively, at times, referred to as the "Properties".

21.     Beginning in 2012, Michael Bello caused MB Investments to sell or transfer several of the properties described hereinabove. Notably, Michael Bello caused MB Investments to sell his primary residence located at 38 Pelican Crest for $9,495,000.00 in August, 2013. Michael Bello caused MB Investments to transfer his 929 Main Street, Saint Helena, CA property back to himself and Nancy Bello, which was subsequently transferred to their son, Christopher Bello in August 2013. Furthermore, Michael Bello caused MB Investments to transfer Michael Bello's vineyard at 8424 Saint Helena Highway, Napa, California (the "8424

GOE & FORSYTHE LLP
18101 Von Karman Avenue
Suite 1200
Irvine, CA 92612

St. Helena Property") to Michael Bello and Nancy Bello, who then transferred their respective

interests in the vineyard to the Irrevocable Nancy Bello 2012 Trust and the Irrevocable Michael

Bello 2012 Trust, to defendant Premier as Trustee, in January 2013. The deed of trust

transferring the 8424 St. Helena Property to Premier was recorded on January 3, 2013, which is

when Plaintiff was first on notice (i.e., record notice) of such transfer.

22.     The Committee was granted standing to bring adversary on behalf of the

Walldesign Estate pursuant to 11 U.S.C. §§ 1103(c)(5) and 1109(b) and this Court's *Order

Approving Stipulation Granting Leave, Standing and Authority to the Official Committee of

Unsecured Creditors To Commence, Prosecute and Settle Certain Claims of the Debtor's

Estate"* entered May 13, 2013 [Docket No. 791], and *"Order Approving Amended Stipulation

Granting Leave, Standing and Authority to the Official Committee of Unsecured Creditors To

Commence, Prosecute and Settle Certain Claims of the Debtor's Estate"* entered December 2,

2013 [Main Case Docket No. 980].

23.     On December 19, 2013, the Committee filed a complaint (the "Complaint")

commencing an adversary proceeding entitled *Official Committee of Unsecured Creditors v.

Michael Ru Bello, et al.* (the "Adversary Proceeding"), Adv. No. 8:13-ap-1409-CB, in the

Bankruptcy Court, asserting numerous claims for relief against the Bello Defendants and

Premier Trust, Inc. ("Premier Trust"), solely in its capacity as the trustee of the Michael Bello

Trust and as the trustee of the Nancy Bello Trust seeking to recover damages in excess of

$18,000,000.00. On May 7, 2014, the Bello Defendants answered the Complaint and on July 24,

2014 filed amended answers to the Complaint, in each instance denying all of the material

allegations asserted against them and asserting affirmative defenses. Thereafter, Premier Trust

was dismissed, without prejudice, from the Adversary Proceeding [Adv. Docket No. 237].

24.     On November 6, 2014, the Bankruptcy Court entered an *Order Confirming

Debtor's and Creditors' Committee's Amended Joint Chapter 11 Plan of Liquidation [Dated

August 19, 2014]* [Main Case Docket No. 1468]. As a consequence thereof, Brian Weiss (the

25.     "Trustee") was named as the Liquidation Trustee of the Liquidation Trust of the Walldesign Estate and succeeded to the rights of the Committee to prosecute the Complaint.

26.     On August 19, 2015, Trustee Weiss filed his Notice of Motion and Motion for Approval of Compromise with Michael RU Bello, et al. [Docket No, 1740] and on September 15, 2015, the Order Approving Trustee's Motion for Approval of Compromise with Michael RU Bello, et al was entered [Docket No. 1790].

27.     Plaintiff performed legal services to Michael Bello between December 23, 2011 through October 26, 2012.  Plaintiff disengaged from representing Michael Bello in several matters in October 2012.  Plaintiff filed a lawsuit against Michael Bello on February 3, 2015. Plaintiff obtained a judgment against Michael Bello on October 22, 2015.  Plaintiff recorded abstracts of judgment against Michael Bello in several counties, including Napa County, California on January 19, 2016 as 2016-0001010 (the "Plaintiff's Napa Abstract").

28.     Defendants Michael Bello, Nancy Bello, Christopher Bello, Stephen Bello, Josephine Bello, Bello Vineyards, RUI, Michael Bello, LLC, Imperial, MB Investments, Bello Construction and Premier are collectively, at times, referred to as the "Bello Defendants".

29.     Trustee Weiss and Trustee Marshack are collectively, at times, referred to as the "Trustee Defendants".

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

**(Against the Bello Defendants, To Avoid Intentionally Fraudulent Transfers of Money and Other Property under Cal. Civ. Code §§ 3439.04(a)(1), 3439.04(a)(1), 3439.05 and 3439.07)**

30.     The Plaintiff incorporates by reference and realleges paragraph 1 through 29 of this Complaint.

31.     The Properties were all transferred, by Michael Bello, and, on information and belief, with the knowledge of all of the Bello Defendants, within the last four (4) years.

32.     The Properties were all transferred by Michael Bello, and, on information and belief, with the knowledge of all of the Bello Defendants, who knew that monies were owed and

GOE & FORSYTHE LLP
18101 Von Karman Avenue
Suite 1200
Irvine, CA 92612

continuing to be accrued by Plaintiff in representing Michael Bello and with the actual intent to hinder, delay, or defraud his creditors.  When such transfers were made by Michael Bello and, on information and belief, with the knowledge of all of the Bello Defendants, who knew such transfers were made to avoid paying his debts, including the debt and accruing debt owed to Plaintiff.

33.     The Properties were all transferred by Michael Bello, and, on information and belief, with the knowledge of all of the Bello Defendants, who knew that monies were owed and continuing to be accrued by Plaintiff in representing Michael Bello, such transfers were made for less than reasonably equivalent received by Michael Bello in exchange for such transfers, and, on information and belief, Michael Bello was insolvent or became insolvent as a result of such transfers.

34.     At the time of the Allegedly Fraudulently Transferred Properties, the Debtor intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as such debts matured.

35.     The transfers of the Properties are avoidable fraudulent transfers pursuant to Cal. Civ. Code §§ 3439.04(a)(1), 3439.04(a)(2), 3439.05 and/or 3439.07.

### SECOND CLAIM FOR RELIEF

**(Against the Trustee Defendants for Declaratory Relief)**

36.     The Plaintiff incorporates by reference and realleges paragraph 1 through 35 of this Complaint.

37.     A dispute and actual controversy has arisen between Plaintiff, Trustee Weiss, Trustee Marshack and others regarding the Plaintiff's Napa Abstract and the rights to the proceeds of the proposed sale of the 8424 St. Helena Property.

38.     By virtue of the foregoing, Plaintiff requests that the Court make a judicial declaration and determination that the priority of claims to the proceeds of the proposed sale of the 8424 St. Helena Property.

**GOE & FORSYTHE LLP**
18101 Von Karman Avenue
Suite 1200
Irvine, CA 92612

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

## ON THE FIRST CLAIM FOR RELIEF

1.    For avoidance of the Allegedly Fraudulently Transferred Properties pursuant to Cal. Civ. Code §§ 3439.04(a)(1), 3439.04(a)(2), 3439.05 and/or 3439.07.

2.    For recovery of the Allegedly Fraudulently Transferred Properties or the equivalent value pursuant to Cal. Civ. Code §§ 3439.04(a)(1), 3439.04(a)(2), 3439.05 and/or 3439.07.

## ON THE SECOND CLAIM FOR RELIEF

1.    For a judicial declaration and determination of the priority of claims to the proceeds of the proposed sale of the 8424 St. Helena Property.

## ON ALL CLAIMS FOR RELIEF

1.    For costs of suit herein incurred;

2.    For pre- and post-judgment interest; and

3.    For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated:  December 30, 2016              **GOE & FORSYTHE, LLP**


By:  /s/Marc C. Forsythe_____
Marc C. Forsythe
Attorneys for Goe & Forsythe, LLP

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>GOE & FORSYTHE, LLP, a California limited liability partnership | DEFENDANTS<br>MICHAEL RU BELLO, an individual and as trustee of the BELLO FAMILY TRUST, January 14, 1997; et al.<br>(SEE ATTACHED) |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Goe & Forsythe, LLP, 18101 Von Karman #1200<br>Irvine, CA 92612<br>Phone: (949) 798-2460; Fax: (949) 955-9437 | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only)<br>□ Debtor          □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor      xx Other<br>□ Trustee | PARTY (Check One Box Only)<br>□ Debtor          □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor      ☒ Other<br>□ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
COMPLAINT FOR AVOIDANCEOF INTENTIONALLY FRAUDULENT TRANSFERS PURSUANT TO CAL. CIV. Code §§ 3439.04(a) and 3439.07

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☑ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

*(continued next column)*

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
(other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☑ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ 200,0000.00 |

**Other Relief Sought**
For costs of suit incurred; for pre and post-judgment interest; for attorneys' fees; and for such other relief the Court deems just and proper

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>  WALLDESIGN INCORPORATED | BANKRUPTCY CASE NO.<br>  8:12-bk-10105-CB | |
| DISTRICT IN WHICH CASE IS PENDING<br>  CENTRAL | DIVISION OFFICE<br>  SANTA ANA | NAME OF JUDGE<br>Catherine Bauer |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>  /s/Marc C. Forsythe | | |
| DATE<br><br>  12/30/2016 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>  Marc C. Forsythe | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

## ATTACHMENT TO ADVERSARY COVER SHEET
## Re DEFENDANTS

NANCY ANN BELLO, an individual and as trustee of the BELLO FAMILY TRUST, January 14, 1997; STEPHEN M. BELLO, an individual; CHRISTOPHER J. BELLO aka CHRISTOPHER JON BELLO, an individual; JOSEPHINE BELLO, an individual; BELLO FAMILY VINEYARD, LLC, a California limited liability company; RU INVESTMENTS, LLC, a California limited liability company; MICHAEL BELLO, LLC, a California limited liability company; IMPERIAL BUILDING GROUP, INC., a Delaware corporation; MB INVESTMENT GROUP, LLC, a Nevada limited liability company; BELLO CONSTRUCTION COMPANY, LLC, a California limited liability company; PREMIER TRUST, INC., a Nevada corporation, as trustee of the IRREVOCABLE NANCY BELLO 2012 TRUST, dated December 19, 2012 and as trustee of the IRREVOCABLE MICHAEL BELLO 2012 Trust, dated December 19, 2012; BRIAN WEISS, Trustee of the WALLDESIGN LIQUIDATION TRUST; RICHARD A. MARSHACK, Chapter 7 Trustee of the ESTATE OF NANCY ANN BELLO; and DOES 1-50, inclusive,